# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# SOUTHERN DIVISION

NO. 7:09-CR-00074-FL-4
NO. 7:11-CV-00237-FL

| | |
|---|---|
| JOSE ANTONIO SOLER-CORREA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This cause comes before the Court upon respondent government's motion to dismiss (DE-148) petitioner Jose Antonio Soler-Correa's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody ("motion to vacate"). (DE-144). Soler-Correa has responded (DE-151), and the government's motion to dismiss is therefore ripe for adjudication. Pursuant to 28 U.S.C. 636(b)(1), this matter is before the undersigned for the entry of a memorandum and recommendation. For the following reasons, it is hereby RECOMMENDED that the government's motion to dismiss (DE-148) be GRANTED and that Soler-Correa's motion to vacate (DE-144) be DENIED.

## I. BACKGROUND

On November 4, 2009, Soler-Correa pled guilty pursuant to a plea agreement to one count of being an alien admitted under a non-immigrant visa and being in possession of a firearm, in violation of 18 U.S.C. § 922(g)(5)(B). (DE-76, DE-79). Among other things, Soler-Correa

1

agreed, as part of the plea agreement, to "waive knowingly and expressly all rights . . . to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing[.]" Plea Agreement 1, DE-79. Soler-Correa also agreed to "waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea." *Id.*

At his arraignment, Soler-Correa testified through an interpreter that he was satisfied with his attorney and that his attorney had "been a good lawyer for [him]." Arraignment Hr'g Tr. 11:8-12, DE-131. Soler-Correa stated that he understood the charge brought against him and the maximum penalties associated with that charge. *Id.* at 13:19, 18:10. He confirmed that no one "threatened [him] or tried to force [him]" to plead guilty, *id.* at 19:7-9, and that he had thoroughly reviewed the plea agreement with his attorney and understood "all the terms, language, words, phrases, even the legal words and phrases." *Id.* at 18:23-25, 19:1. Soler-Correa also acknowledged that his plea agreement "contains a plea waiver which severely restricts [his] ability to appeal whatever sentence is imposed" *id.* at 20:6-7, and that, irrespective of the plea agreement recommendations, the sentencing judge could ultimately "impose whatever sentence she believes to be just and proper." *Id.* at 20:13-14. Soler-Correa thereafter admitted to the conduct charged in the superseding criminal information. *Id.* at 21.

In preparation for sentencing, the United States Probation Office prepared a Presentence Investigation Report which calculated Soler-Correa's base level, prior to any reduction, to be 30, based on his use of his firearms in conjunction with drug trafficking. (DE-113). Defense

2

counsel objected to the base level and argued at sentencing that Soler-Correa should not be responsible for a large quantity of marijuana found at the same residence where his firearms were discovered. Sentencing Hr'g Tr. 41:2-25, DE-133. The government presented testimony from a case agent concerning the circumstances of the marijuana and firearms located in the residence, *id.* at 7-15, and defense counsel cross-examined that case agent. *Id.* at 22-38. The district court subsequently determined that "[i]t is readily found by a preponderance of the evidence the relationship as between the defendant, the guns and the drugs, which he seeks to sever here today." *Id.* at 47:24-25, 48:1-2. After considering arguments regarding the sentencing factors contained in 18 U.S.C. § 3553(a), the district court sentenced Soler-Correa to 82 months' imprisonment, at the low end of the sentencing guideline range. *Id.* at 48-53; DE-123.

Soler-Correa appealed his sentence to the United States Court of Appeals for the Fourth Circuit. (DE-125). On appeal, Soler-Correa argued that the government failed to offer sufficient evidence of his connection with the marijuana found at the residence and that the district court therefore erred in sentencing him based on this relevant conduct. Mot. Vacate 2, DE-144. On May 4, 2011, the Fourth Circuit dismissed the appeal as barred by the waiver in Soler-Correa's plea agreement. (DE-139).

On November 17, 2011, Soler-Correa filed the instant § 2255 petition with this Court, asserting that he received ineffective assistance of counsel "in [his] guilty plea, sentencing proceedings and direct appeal." Mem. Supp. Mot. Vacate 11, DE-144-1. Specifically, Soler-Correa claims that his attorney should have argued on appeal that his guilty plea was "coerced" and should have argued an "entrapment" defense at sentencing. The government contends these issues are without merit and asks the Court to dismiss Soler-Correa's motion to vacate.

## II. LEGAL STANDARDS

### A. Motion to Dismiss

The government seeks to dismiss Soler-Correa's petition pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint . . . ." Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, a plaintiff must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). The facts alleged must "raise a right to relief above the speculative level," *id.* at 555, and the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* A complaint may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." *Id.* at 1950. Without such "heft," claims cannot establish a valid entitlement to relief, as facts that are "merely consistent with" a defendant's liability, Twombly, 550 U.S. at 557, fail to nudge claims "across the line from conceivable to plausible." *Id.* at 570.

### B. 28 U.S.C. § 2255

Under section 2255, Title 28 of the United States Code, a petitioner may obtain relief from

4

his sentence if he can show that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). The burden is on the petitioner to establish his claim to relief by a preponderance of the evidence. *See, e.g.*, Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam) ("Because the proceeding under 28 U.S.C. § 2255 is a civil collateral attack upon the judgment of conviction, the burden of proof is upon petitioner to establish [his claim] by a preponderance of evidence . . . ."); Toribio-Ascencio v. United States, Nos. 7:05-CR-00097-FL, 7:08-CV-211-FL, 2010 U.S. Dist. LEXIS 113549 at *5 (E.D.N.C. Oct. 25, 2010) ("In a § 2255 proceeding, the burden of proof is on petitioner to establish his claim by a preponderance of the evidence.").

**C.    Effect of Petitioner's Guilty Plea**

A valid guilty plea constitutes admission of the material elements of the crime. McCarthy v. United States, 394 U.S. 459, 466 (1969). The sworn representations made by a criminal defendant at plea proceedings "carry a strong presumption of verity" and "constitute a formidable barrier against any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Furthermore, a guilty plea normally waives any claim based on non-jurisdictional errors occurring prior to the plea. Tollett v. Henderson, 411 U.S. 258, 267 (1973). In *Tollett*, the Supreme Court concluded that an intelligent and voluntary plea of guilty generally bars habeas review of claims relating to the deprivation of constitutional rights that occurred before the defendant pleaded guilty. The Supreme Court observed that "[t]he focus of federal habeas inquiry is the nature of [defense counsel's] advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity." *Id.* at 266-67. Thus, in a collateral attack, a petitioner may only challenge the voluntary and intelligent character of a plea, such as by

5

demonstrating that he received ineffective assistance of counsel. *Id.*

Notably, statements made by a defendant during a hearing to accept a guilty plea are subject to a strong presumption of veracity, and challenges under 28 U.S.C. § 2255 that contradict these statements may generally be dismissed:

> '[A] defendant's solemn declarations in open court . . . "carry a strong presumption of verity'" . . . because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy. . . . 'Indeed, because they do carry such a presumption, they present "a formidable barrier in any subsequent collateral proceedings."' Thus, in the absence of extraordinary circumstances . . . allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always "palpably incredible" and "patently frivolous or false." Thus, in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements. Otherwise, a primary virtue of Rule 11 colloquies would be eliminated–"permitting quick disposition of baseless collateral attacks."

United States v. Lemaster, 403 F.3d 216, 221-222 (4th Cir. 2005) (internal citations and quotations omitted).

### D. **Ineffective Assistance of Counsel**

Soler-Correa asserts his counsel was constitutionally deficient. To state a claim of ineffective assistance of counsel, a petitioner must satisfy a two-pronged test. Strickland v. Washington, 466 U.S. 668, 686-87 (1984). First, a petitioner must show that the representation he received fell below an objective standard of reasonableness. *Id.* at 688. This Court must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." *Id.* at 689. Therefore, the Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* Concerning the second prong, in the context of a guilty plea, a petitioner must

6

show that he was prejudiced by the ineffective assistance by showing "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

To establish ineffective assistance of appellate counsel, a petitioner must demonstrate deficiency and prejudice, as required by *Strickland*. Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000). Appellate counsel is under no obligation to raise all non-frivolous issues on appeal. Smith v. Murray, 477 U.S. 527, 536 (1986) (stating that, "winnowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy") (internal quotation marks omitted). To the contrary, appellate counsel is charged with reviewing the record and "selecting the most promising issues for review." Jones v. Barnes, 463 U.S. 745, 752 (1983). To overcome the presumption of effective assistance of appellate counsel, a petitioner must demonstrate that ignored issues were clearly stronger than those presented. Jarvis, 236 F.3d at 164.

With these legal precepts in mind, the undersigned considers the present claims.

### III. ANALYSIS

To the extent Soler-Correa argues the district court erroneously sentenced him based on insufficient evidence connecting him to the marijuana found at the residence where his firearms were located, the plea agreement waives his right to contest his conviction or sentence, including by § 2255 motion, except for an appeal or motion based upon ineffective assistance of counsel or prosecutorial misconduct not known to him at the time he pled guilty. The Fourth Circuit has held that a defendant can, through a plea agreement, waive his appellate rights, as well as the right to collaterally attack his conviction. *See, e.g.*, United States v. Poindexter, 492 F.3d 263, 267-268 (4th Cir. 2007); Lemaster, 403 F.3d at 220. These waivers are valid and enforceable so long as

7

they are knowing and voluntary. *See* <u>United States v. Blick</u>, 408 F.3d 162, 168 (4th Cir. 2005); <u>Lemaster</u>, 403 F.3d at 220. At arraignment, the presiding judge engaged Soler-Correa in a lengthy colloquy regarding the plea agreement, including the appellate waiver, and determined that the plea was knowing and voluntary. On appeal, the Fourth Circuit reviewed the plea agreement and plea hearing transcript and concluded that "Soler-Correa knowingly and voluntarily waived his right to appeal and that the sentencing issues he seeks to raise on appeal fall squarely within the scope of his appellate waiver." Order, DE-139. The Fourth Circuit also "reject[ed] Soler-Correa's argument that appellate waiver provisions are inherently coercive and involuntary." *Id.*

Although Soler-Correa states that his guilty plea was "clearly coerced," he fails to explain how this alleged coercion occurred or who perpetrated it. As noted *supra*, the Fourth Circuit explicitly rejected Soler-Correa's argument on appeal regarding "inherent coercion" in the plea agreement. And Soler-Correa's present claim of coercion directly contradicts the sworn statements he made during the plea hearing. At the hearing, the presiding judge engaged Soler-Correa in the following colloquy:

> [THE COURT]: All right. Mr. Soler-Correa, I have in my hands a document entitled, Memorandum of Plea Agreement. It appears to be signed be signed by you; your attorney, Mr. McCoppin; as well as Mr. Renfer, the assistant U.S. attorney handling your case, dated the 15th day of October, 2009. In that plea agreement, among other things, it appears you have agreed to plead guilty to the Superseding Criminal Information.
>
> I ask you, Mr. Soler-Correa, did you have the opportunity to thoroughly read and review the plea agreement with your attorney, Mr. McCoppin, before you signed it?
>
> [SOLER-CORREA]: Yes, sir.
>
> [THE COURT]: After you read and reviewed the plea agreement with Mr. McCoppin, did you understand all the terms, language, words, phrases, even the

8

legal words and phrases used in the plea agreement?

[SOLER-CORREA]: Yes, sir.

[THE COURT]: Has anybody promised you anything to get you to plead guilty to the Criminal Information that's not written down in this plea agreement?

[SOLER-CORREA]: No.

[THE COURT]: Has anyone threatened you or tried to force you to get you to plead guilty to the Criminal Information?

[SOLER-CORREA]: No, sir.

[THE COURT]: Do you understand that you're pleading guilty to a felony, and that you'll lose your valuable civil rights?

[SOLER-CORREA]: Yes, sir.

[THE COURT]: And do you understand that if you plead guilty to that Superseding Criminal Information this afternoon, that you can't come back later and change your mind and ask for a trial on the charge?

[SOLER-CORREA]: Yes, sir.

. . . .

[THE COURT]: Did you discuss with Mr. McCoppin and do you understand that paragraph 2(C) of the plea agreement contains an appeal waiver which severely restricts your ability to appeal whatever sentence is imposed?

[SOLER-CORREA]: Yes, sir.

[THE COURT]: And do you understand that any sentencing recommendations in the plea agreement are just that, recommendations, and that Chief Judge Flanagan may establish whatever advisory guideline range she believes to be correct and impose whatever sentence she believes to be just and proper, irrespective of any recommendations in the plea agreement?

[SOLER-CORREA]: Yes, sir.

[THE COURT]: Have you answered all my questions truthfully, Mr. Soler-Correa?

[SOLER-CORREA]: Yes, sir.

9

> [THE COURT]: Would you like any more time to think about your plea or discuss any aspect of your case or plea with your attorney, Mr. McCoppin?
>
> [SOLER-CORREA]: No, sir.
>
> [THE COURT]: All right. Mr. Jose Antonio Soler-Correa, how do you plead to the charge in the Superseding Information that states you were an alien admitted to the United States under a non-immigrant visa and that you knowingly possessed firearms, a violation of 18 United States Code Section 922(g)(5)(B)? How do you plead to that?
>
> [SOLER-CORREA]: Guilty.

Arraignment Hr'g Tr. 18-21.

Absent clear and convincing evidence to the contrary, a defendant is bound by statements he makes at a plea hearing, and such representations present "formidable barriers" to post-conviction relief. Blackledge, 431 U.S. at 73-74; Little v. Allsbrook, 731 F.2d 238, 239 n.2 (4th Cir. 1984). In the absence of "extraordinary circumstances," a district court should dismiss, without a hearing, "any § 2255 motion that necessarily relies on allegations that contradict the sworn statements" made during a Rule 11 plea colloquy. Lemaster, 403 F.3d at 221-22. Here, there is no indication in the record--other than Soler-Correa's naked assertions--that coercion of any kind took place. As Soler-Correa's present claims of coercion contradict his sworn statements at the plea hearing, the claim of coercion is "palpably incredible" and should be dismissed. Lemaster, 403 F.3d at 221.

With respect to the claim that his counsel should have argued some kind of entrapment defense, Soler-Correa does not point to any evidence in the record supporting such a defense. Moreover, the decision to forego a certain defense in order to pursue another represents a strategic choice by defense counsel generally not subject to challenge. Strickland, 466 U.S. at 690-91 ("Strategic choices made after thorough investigation of law and facts relevant to plausible options

are virtually unchallengeable"). Defense counsel aggressively challenged Soler-Correa's connection to the marijuana found at his residence and objected to any sentencing based thereon. Sentencing Tr. 22-38, DE-133. Appellate counsel raised a similar challenge with the Fourth Circuit. That these arguments were unsuccessful reflects the evidence before the court, not deficient performance by counsel. Soler-Correa fails to show that the strategic choices made by trial counsel were based on insufficient investigation of his case, or that an argument regarding alleged "entrapment" was "clearly stronger" than the ones presented by his appellate counsel. Jarvis, 236 F.3d at 164. Thus, Soler-Correa fails to show any deficiency in his counsel's performance.[1]

Even if Soler-Correa could establish that his counsel's performance fell below an objective standard of reasonableness, he still would not be entitled to relief because he has not alleged facts to show that he was prejudiced by his counsel's performance. Instead, the record reflects that his counsel's efforts resulted in a favorable plea agreement, whereby he avoided prosecution for multiple counts for drug-related crimes. Further, the plea agreement provided Soler-Correa with a downward adjustment of two levels for acceptance of responsibility under USSG § 3E1.1. Defense counsel also successfully opposed the government's argument at sentencing that Soler-Correa be sentenced at the high end of the sentencing guidelines. Observing that defense counsel's argument regarding the sentencing factors set forth in 18 U.S.C. § 3553 was "quite appropriate," the district court was persuaded to sentence Soler-Correa at the low end of the sentencing guidelines. Sentencing Hr'g Tr. 51:1. Soler-Correa fails to demonstrate that he would have received an even lower sentence but for trial counsel's performance. He likewise

---

[1]. While Soler-Correa also requests relief based on ineffective assistance of counsel in connection to his guilty plea, he never articulates any facts or argument in support of this request, and no deficient performance by counsel is apparent from the record.

11

fails to show that, had his appellate counsel pursued an "entrapment" argument on appeal, the Fourth Circuit would have overlooked the explicit plea waiver in his plea agreement and reversed the district court. Accordingly, Soler-Correa's claims of ineffective assistance of counsel lack foundation and should be dismissed.

## IV. CONCLUSION

Because Soler-Correa fails to show that his counsel's performance was objectively unreasonable or demonstrate that prejudice resulted from his counsel's errors, the undersigned finds that Soler-Correa has not sustained his claim of ineffective assistance of counsel. The undersigned further concludes that Soler-Correa has waived his right to challenge his sentence by virtue of his valid guilty plea. Thus, for the foregoing reasons, it is hereby RECOMMENDED that the government's motion to dismiss (DE-148) be GRANTED and that Soler-Correa's motion to vacate (DE-144) be DENIED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Thursday, September 13, 2012.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE