UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:09-CR-74-FL-4
NO. 7:11-CV-237-FL

| | | |
|---|---|---|
| JOSE ANTONIO SOLER-CORREA, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the court on petitioner's motion to vacate, set aside, or correct sentence ("motion to vacate"), filed pursuant to 28 U.S.C. § 2255 (DE 144), and the government's motion to dismiss the same (DE 148). Pursuant to 28 U.S.C. § 636(b)(1), United States Magistrate Judge William A. Webb entered memorandum and recommendation ("M&R") recommending that the court grant the government's motion to dismiss and deny petitioner's motion to vacate (DE 154). Issues raised are ripe for ruling. For the reasons that follow, the court adopts the M&R in full, denies petitioner's motion to vacate, and grants the government's motion to dismiss.

### BACKGROUND[1]

On November 4, 2009, petitioner pleaded guilty, pursuant to a written plea agreement, to one count of possession of firearms and ammunition by a prohibited person, in violation of 18 U.S.C. § 922(g)(5)(B). Under this agreement, petitioner agreed to "waive all rights to contest the

---

[1] Where there are no objections to the factual and procedural background in the M&R, the court adopts such background in full and incorporates it by reference herein.

conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to [petitioner] at the time of [petitioner's] guilty plea." Plea Agreement 1. As noted in the M&R, petitioner testified at arraignment that he was not threatened or forced to plead guilty and that he understood the terms of the plea agreement – including the waivers restricting his right to appeal and collaterally attack his sentence.

At sentencing, the court found that petitioner's use of the firearms was related to drug trafficking activities involving a large amount of marijuana. Accordingly, the court determined – over petitioner's objection – that the base offense level was 30. Petitioner appealed, arguing that the court erroneously sentenced him because there was insufficient evidence to support his connection to the marijuana. The Fourth Circuit Court of Appeals dismissed petitioner's appeal as barred by his appeal waiver. Petitioner then filed the instant motion to vacate, asserting that there was not sufficient evidence to establish his involvement with the marijuana, that his plea was involuntary, and that he received ineffective assistance of counsel. The government filed a corresponding motion to dismiss arguing that petitioner's counsel was not ineffective and that his plea was not coerced. Now before the court is the M&R recommending that petitioner's motion be denied and the government's motion be granted, together with petitioner's objections to the M&R, and the government's response to petitioner's objections.

**COURT'S DISCUSSION**

A.  Standard of Review

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review

2

where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c).

B.  Analysis

While petitioner's objections are somewhat unfocused, he appears to have two main objections. First, petitioner objects to the finding that his plea was voluntary and that his plea waivers were therefore effective. Second, petitioner objects to the determination he has not stated a claim for ineffective assistance of counsel. The court considers these objections in turn.[2]

1.  Voluntariness of Petitioner's Plea

Petitioner asserts that his plea was involuntary where his "counsel clearly coerced and blackmailed him when manifested [sic] that if [petitioner] didn't accept the guilty plea then[] in a jury trial he would have a sentence of 20 years or more." It is well-established that "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is

---

[2] On the second page of his objections, petitioner states that he objects to sections II.C, II.D, III, and IV of the M&R. As petitioner does not direct the court to any specific error in this objection, *de novo* review thereof is not warranted. Finding no clear error, the court overrules this objection. See Diamond, 416 F.3d at 315. The court further notes that petitioner also filed a document entitled "Supplemental reasons under Alleyne[ v. United States, 133 S.Ct. 2151 (2013)] to grant the Motion to Vacate" (DE 157). In Alleyne, the Supreme Court held that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." Id. at 2155. No fact which increased petitioner's mandatory minimum sentence is at issue in this case. Thus Alleyne is inapposite here.

3

conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005). As noted in the M&R, petitioner stated under oath at his plea hearing that he was not threatened or forced into pleading guilty. Petitioner's first objection is therefore overruled.

2.  Ineffective Assistance of Counsel

Petitioner next objects to the M&R asserting that counsel was ineffective for failure to raise the defense of entrapment. To state a claim for ineffective assistance of counsel, a petitioner must satisfy a two-pronged test. Strickland v. Washington, 466 U.S. 668, 686-87 (1984). First, petitioner must show that the representation he received fell below an objective standard of reasonableness. Id. at 688. The court is very deferential to counsel's performance. Id. at 689. Second, petitioner must show that he was prejudiced by the ineffective assistance to the extent that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 694. Despite not raising certain issues on appeal, counsel is nonetheless generally presumed to have been effective unless a petitioner demonstrates that issues ignored by counsel were "clearly stronger" than those presented. United States v. Baker, 719 F.3d 313, 318 (4th Cir. 2013).

As set forth in the M&R, petitioner's claim for ineffective assistance of counsel in this court and on appeal fail. Petitioner asserts that he was entrapped because the marijuana in this case was purchased from an undercover officer. Mere use of undercover agents, however, does not constitute entrapment. See United States v. Sligh, 142 F.3d 761, 763 (4th Cir. 1998) ("A showing of mere government solicitation is insufficient to merit an entrapment instruction . . . ."). Thus petitioner has not shown that his counsel's decision to not pursue this defense fell below an objective standard of

4

reasonableness. See Strickland, 466 U.S. at 690 ("[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable . . . ."). With respect to his appellate counsel, petitioner's claim must also fail as he does not demonstrate that any argument relating to entrapment was "clearly stronger" than the arguments presented on appeal. See Baker, 719 F.3d at 318.

Finally, as detailed in the M&R, even if petitioner could show his counsels' performances were deficient for failing to raise this defense, he has not alleged facts showing that he was prejudiced by this failure. Petitioner received benefit of a plea agreement under which he was not prosecuted for multiple counts of drug-related crimes and received a reduction for acceptance of responsibility. Petitioner's trial counsel also successfully argued against a sentence at the high end of the guideline range. Petitioner has not shown that he would have received a lower sentence but-for trial counsel's performance, nor that his appeal would not have been dismissed had appellate counsel raised an entrapment defense. Accordingly petitioner fails to state a claim for ineffective assistance of counsel, and his second objection is overruled. See Strickland, 466 U.S. at 694.

C.  Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate

5

of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the *habeas* petition in light of the applicable standard, the court concludes that reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and that none of the issues presented by petitioner are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

## CONCLUSION

For the foregoing reasons, after *de novo* review, the court OVERRULES petitioner's objections to the M&R, and ADOPTS the findings and recommendations therein as its own. The government's motion to dismiss is GRANTED and petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is DENIED. The court also DENIES a certificate of appealability. The clerk is DIRECTED to close this case.

SO ORDERED, this the 4th day of September, 2013.

LOUISE W. FLANAGAN
United States District Judge